UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DERRIC WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:09-CV-1933-G (BH) |
| RICK THALER, Director, Texas | ) | |
| Department of Criminal Justice, | ) | **ECF** |
| Correctional Institutions Division, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the petition of Derric Williams ("Williams" or "the petitioner") for a writ of habeas corpus by a person in state custody. For the reasons discussed below, the petition is dismissed.

## I. BACKGROUND

The petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice,Correctional Institutions Division ("TDCJ-CID"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition" or "the petition"). The respondent is Rick Thaler, Director of TDCJ-CID. The petitioner's claimed

ground for relief is that his conviction for aggravated robbery with a deadly weapon was not properly supported by an oral pronouncement of an affirmative finding of a deadly weapon.  Petition at 7, 11.  The petition does not list the nature of the offense(s) for which the petitioner was convicted, any docket numbers, or the date of judgment of conviction.  See *id.* at 2.  The petition states only that the petitioner was convicted in the 291st Judicial District for "30 years aggravated."  *Id.*

On October 27, 2003, Williams entered agreed pleas of guilty before the 291st Judicial District Court to three counts of aggravated robbery with a deadly weapon (Cause Nos. F-02-73601, F-034-0783, and F-03-40784) and was sentenced to thirty years in prison.[1]  The petition does not state whether Williams filed a direct appeal from any of these convictions.  *See* Petition at 3.  The Texas Fifth District Court of Appeals in Dallas has no record of a direct appeal from any of Williams's three convictions.[2]  The petition states that Williams has not filed any applications for a

---

[1]    *See* Texas Department of Criminal Justice, Offender Information Detail (for TDCJ No. 01202848), http://168.51.178.33/webapp/TDCJ/InmateDetails.jsp?sidnumber=05537790#Projec ted (attached to this order as Exhibit 1); *see also* Dallas County, Dallas County Criminal Background Search (under "Williams, Derrick" and date of birth Sept. 27, 1978), http://www.dallascounty.org/criminalBackgroundSearch/ (attached to this order as Exhibit 2).

[2]    *See* Fifth Court of Appeals -- Dallas, Texas, Search for a Case (search results for "Williams and Derric*"), http://www.5thcoa.courts.state.tx.us/cgi-bin/as_web.exe?Command=search&file=C05 _CASE.ASK%2Cc05c_old.ask%2Cc05tcase.ask&request=Williams+and+Derric*& MaxHits=10&NumLines=1 (attached to this order as Exhibit 3).

writ of habeas corpus with the state of Texas.  Petition at 3.  However, on June 2,

2006, Williams filed an application for a writ of habeas corpus with the Texas Court

of Criminal Appeals seeking review of his conviction in cause number F-02-73601.[3]

The Court of Criminal Appeals dismissed the application for non-compliance on

June 14, 2006.[4]  This means that Williams's application was not filed with the Court

of Criminal Appeals but instead was returned to him because he did not file his

application on the form required by Texas Rule of Appellate Procedure 73.1.  *See* TEX.

R. APP. P. 73.2.

## II. ANALYSIS

A state prisoner is required to fully exhaust all available state court remedies

before seeking federal habeas relief.  28 U.S.C. § 2254(b).  To satisfy the exhaustion

requirement of § 2254, a petitioner must fairly present the factual and legal basis of

his claims to the highest available state court for review, either on direct review of the

conviction or in a post-conviction challenge.  *Deters v. Collins*, 985 F.2d 789, 795 (5th

Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985).  The state

---

[3]      *See* Texas Courts Online -- Court of Criminal Appeals, Case Search
Results on Case # WR-64,910-01,
http://www.cca.courts.state.tx.us/opinions/case.asp?FilingID=243619 (attached to
this order as Exhibit 4).

[4]      *See* Texas Courts Online - Court of Criminal Appeals, Case # WR-
64,910-01 –> Event: ACTION TAKEN,
http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2245707
(attached to this order as Exhibit 5).

court must have the opportunity to pass on the substance of the petitioner's claims. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 460 U.S. 1056 (1983). Therefore, "the applicant must present his claims in a procedurally correct manner." *Deters*, 985 F.2d at 795.

A federal district court may raise the lack of exhaustion *sua sponte*. *McGee v. Estelle*, 722 F.2d 1206, 1214 (5th Cir. 1984) (en banc). It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. See *Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

To satisfy the exhaustion requirement in Texas, a petitioner must present his claim to the Texas Court of Criminal Appeals via either a petition for discretionary review or an application for a writ of habeas corpus. *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986). A Texas inmate who does not file a petition for discretionary review as part of his direct appeal "will not be deemed to have exhausted his state remedies until he has raised his claims before the state's highest court through collateral review provided by state habeas procedures." *Richardson*, 762 F.2d at 432. A Texas prisoner who seeks state habeas review in a manner that does comply with the Court of Criminal Appeals' procedural directives for seeking such

review has not exhausted his state habeas remedy. *Bautista*, 793 F.2d at 110.

Specifically, if the Texas Court of Criminal Appeals dismisses an application for a writ of habeas corpus for non-compliance, that Court has not considered the merits of the claims presented in the application, and the claims remain unexhausted. *Slaughter v. Thaler*, __ F. Supp. 2d __, 2009 WL 3199482, at *2 (N.D. Tex. Oct. 1, 2009) (Kinkeade, J.); *Moore v. Quarterman*, 2009 WL 50000, at *2 (N.D. Tex. Jan. 6, 2009) (Kinkeade, J.).

In this case, Williams did not pursue a direct appeal from any of his three convictions. In addition, Williams has not sought collateral review of two of those convictions (Cause Nos. F-034-0783 and F-03-40784) through Texas habeas procedures. The lone habeas application Williams did file, which sought review of his conviction under Cause No. F-02-73601, was dismissed for non-compliance. It thus did not fairly present the substance of Williams's claim to the Court of Criminal Appeals. The Court of Criminal Appeals has simply had no opportunity to review any of the claims raised in the petition currently before this court. As a result, the court finds that Williams has failed to fully exhaust his available state remedies.

## III. <u>CONCLUSION</u>

For the reasons discussed above, the petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 is **DISMISSED** without prejudice.

**SO ORDERED**.

November 30, 2009.

_A. Joe Fish_ _____

**A. JOE FISH**
**Senior United States District Judge**

# EXHIBIT ONE

 Texas Department of Criminal Justice     

# Offender Information Detail

| | |
|---|---|
| SID Number: | 05537790 |
| TDCJ Number: | 01202848 |
| Name: | WILLIAMS,DERRICK |
| Race: | B |
| Sex: | M |
| Age: | 31 |
| Maximum Sentence Date: | 2033-05-20 |
| Current Facility: | ALLRED |
| Projected Release Date: | 2033-05-20 |
| Parole Eligibility Date: | 2018-05-20 |

**SPECIAL INFORMATION FOR SCHEDULED RELEASE:**

| | |
|---|---|
| Scheduled Release Date: | Offender is not scheduled for release at this time. |
| Scheduled Release Type: | Will be determined when release date is scheduled. |
| Scheduled Release Location: | Will be determined when release date is scheduled. |

Offense History:

| Offense Date | Offense | Sentence Date | County | Case No. | Sentence (Y-MM-DD) |
|---|---|---|---|---|---|
| 1996-10-29 | POSS C/S W/DEL COCAINE | 1996-12-20 | DALLAS | F-9651963-HJ | 5-00-00 |
| 1996-05-29 | POSS C/S COCAINE | 1996-12-20 | DALLAS | F-9646824-PJ | 5-00-00 |
| 2002-09-10 | AGG ROBBERY W/DDLY WPN | 2003-10-27 | DALLAS | F-0340784-WU | 30-00-00 |
| 2002-09-10 | AGG ROBBERY W/DDLY WPN | 2003-10-27 | DALLAS | F-0340783-WU | 30-00-00 |
| 2002-09-19 | AGG ROBBERY W/DDLY WPN | 2003-10-27 | DALLAS | F-0273601-QU | 30-00-00 |
| 2002-10-13 | POSS CONT SUBS-COCAINE | 2003-10-27 | DALLAS | F-0255743-QU | 30-00-00 |

**Projected Release Date:**

Projected Release Date is the date, which is determined by the TDCJ Institutional Division Records Office that an offender is projected to be released from incarceration if not sooner released on parole. Th

Office, that an offender is projected to be released from incarceration if not released on parole sooner. The calculation of the projected release date is affected by offense title and offense date.

*If an offender committed their offense prior to 9/1/1996 and their offense is mandatory supervision eligible, the projected release date is calculated as their scheduled release date to mandatory supervision (if not paroled prior to that), when their time credits (flat time served plus good time earned) equal their total sentence.*

*If an offender committed their offense on or after 9/1/1996 and their offense is mandatory supervision eligible, the projected release date is calculated as their scheduled release date to mandatory supervision (if not paroled prior to that), when their time credits (flat time served plus good time earned) equal their total sentence AND the Parole Board has approved their release to mandatory supervision (per the Discretionary Mandatory Supervision law); however, if the Parole Board denies the release on mandatory supervision, the projected release date is recalculated to reflect the same date as the maximum expiration date, which is otherwise known as their discharge date. Subsequent reviews by the Parole Board that result in approval for mandatory supervision release result in the projected release date being recalculated to an earlier date to allow for mandatory supervision release processing to occur.*

*If an offender is incarcerated for an offense that by law is non-mandatory supervision eligible, their projected release date matches their maximum expiration date, when their time credits (flat time only) equals their total sentence and they therefore discharge their sentence when released (if not paroled prior to that).*

**Parole Eligibility:**

An offender's parole eligibility is determined by the laws in effect on the date the offense was committed, the offense of conviction, and the sentence. The Board of Pardons and Paroles has complete discretion in parole decisions.

** State Jail offenders are not eligible for parole.

New Search Last Search

# EXHIBIT TWO

Dallas County Criminal Background Search                                      Page 1 of 1



## Dallas County Criminal Background Search Service

NAME ENTERED WILLIAMS DERRICK NAME TYPE DF

| LN | | ARC | RS | DOB | CASE/BOND | CT | CHARGE | DISP |
|----|--------------------|-----|-----|--------|-----------|-----|-----------------|------|
| 01 | WILLIAMS DERRICK | | BM | 092778 | F-0273601 | FU | AGG ROB DW | PGBC |
| 02 | WILLIAMS DERRICK | | BM | 092778 | F-0340783 | FU | AGG ROB DW | PGBC |
| 03 | WILLIAMS DERRICK | | BM | 092778 | F-0340784 | FU | AGG ROB DW | PGBC |
| 04 | WILLIAMS DERRICK | A | BM | 092778 | MA9659635 | ML | ASSAULT | PGBC |
| 05 | WILLIAMS DERRICK | | BM | 092778 | F-9868809 | FJ | DEL CS | NBIL |
| 06 | WILLIAMS DERRICK | A | BM | 092778 | F-9651963 | FJ | POSS CS INT DE | PGJG |
| 07 | WILLIAMS DERRICK | | BM | 092778 | F-0255743 | FU | POSS CS INT DE | PGBC |
| 08 | WILLIAMS DERRICK | A | BM | 092778 | F-9646824 | FJ | POSS CS 1G | REVK |
| 09 | WILLIAMS DERRICK | A | BM | 092778 | MB9567935 | MJ | POSS MJ | REVK |

New Search          Printer View

Copyright © 2009 Dallas County Online. All Rights Reserved.
Frequently Asked Questions | Privacy Statement | Help | ADA Statement | Site Index | Send comments to webmaster@dallascounty.org

http://www.dallascounty.org/criminalBackgroundSearch/search.do                    11/12/2009

# EXHIBIT THREE

Search Results...

**Sorry, no documents were found which match your query.**

Some tips which might help you locate the desired information:

- Check the spelling of your search terms
- Use Wildcards at the end of words (e.g. user* instead of users)
- If you have Boolean operators in your query, try using OR instead of AND
- Try a fuzzy search



http://www.5thcoa.courts.state.tx.us/cgi-bin/as_web.exe?Command=search&file=C05_C...   11/12/2009

# EXHIBIT FOUR



## TEXAS COURT OF CRIMINAL APPEALS

Courts Online Home
| FAQs | Search
Best viewed 1024x768+

Google image photos courtesy
texascourthouses.com.

Trial Directory   Judicial Information   Judicial Entities   Events   News   Links   For Trial Courts

### Case Search Results on Case # WR-64,910-01

Add to CaseMail | Printer-Friendly Version

## Case Information:

Case Number: WR-64,910-01
Date Filed:   6/2/2006
Case Type:    11.07 HC
Style:        WILLIAMS, DERRICK
v.:

## Case Events:

| Date | Event Type | Description |
|---|---|---|
| 6/14/2006 | ACTION TAKEN | Application for Writ of Habeas Corpus - 11.07 |
| 6/2/2006 | WRIT RECEIVED | Application for Writ of Habeas Corpus - 11.07 |

## Calendars:

| Set Date | Calendar Type | Reason Set |
|---|---|---|
| 6/14/2006 | STORED | WRIT STORED |

## Parties:

| Party | Party Type |
|---|---|
| WILLIAMS, DERRICK | Applicant (writs)/Appellant... |

## Court of Appeals Case Information:

COA Case Number:

### General Information

- CCA Home
- Practice Before the Court
  Internal Operating Procedures [pdf] |
  Rules & Procedures | Forms | Issues |
  Oral Argument Instructions | Opinion
  Archives | Hand Down Archives
- About the Court
  Contact | Judges | Employment |
  Overview | Virtual Tour
- Search Courts Site

Type Search Word [ ] [Search]

### Case Information

- Hand Down List
  (Orders, Opinions & Statements)
- Case Search
- Opinion Search
- Case Submission Schedules

#### Case Mail

- Track Cases or Released Opinions
  My Account | Case Tracking | Opinion
  Tracking | Register | Basics | FAQs

#### Texas Appellate Courts

- The Supreme Court of Texas
- Court of Criminal Appeals
- Courts of Appeals [by District-City]
  1-Houston | 2-Fort Worth | 3-Austin
  4-San Antonio | 5-Dallas | 6-Texarkana
  7-Amarillo | 8-El Paso | 9-Beaumont
  10-Waco | 11-Eastland | 12-Tyler
  13-Corpus Christi | 14-Houston
- Appellate Statistics

Last Viewed by Court on Nov 12, 2009

**COA Disposition:**
**Opinion Cite:**
**Court of Appeals District:**

### Trial Court Information:

| | |
|---|---|
| **Trial Court:** | 291st District Court |
| **County:** | Dallas |
| **Case Number:** | W02-73601-U(A) |
| **Judge:** | Susan Hawk |
| **Court Reporter:** | |

 **Hint:** Click on the folder icons above for more case information.

Court of Criminal of Appeals  •  Supreme Court Building  •  P.O. Box 12308  •  Austin, TX 78711  •  (512) 463-1551  •  Email Court

Accessibility Policy | Privacy & Security Policy | Open Records Policy | State Web Site Link & Privacy Policy | Email TCO
Texas Online | TRAIL | Texas Homeland Security | Where the Money Goes | Legislative Appropriations Request [pdf/2.22 MB]

# EXHIBIT FIVE

Texas Courts Online - Court of Criminal Appeals

Page 1 of 1



TEXAS
COURT OF CRIMINAL
APPEALS

Texas Courts Online Home
A-Z Index | FAQs | Search
Last Viewed 1024x768+

Courthouse photos courtesy
texascourthouse.com.

Judicial Directory   Judicial Information   Judicial Entities   Events   News   Links   For Trial Courts

## General Information

- CCA Home
- **Practice Before the Court**
  Internal Operating Procedures [pdf] |
  Rules & Procedures | Forms | Issues |
  Oral Argument Instructions | Opinion
  Archives | Hand Down Archives
- **About the Court**
  Contact | Judges | Employment |
  Overview | Virtual Tour
- **Search Courts Site**
  Type Search Word [ Search ]

Case # WR-64,910-01 -> Event: ACTION TAKEN      CaseMail

## Event Information:

| | |
|---|---|
| Event Type: | ACTION TAKEN |
| Description: | Application for Writ of Habeas Corpus - 11.07 |
| Date: | 6/14/2006 |
| Disposition: | Dismissed -- Non-compliance - return to sender |
| Opinion Written: | |

💡 **Hint:** Click on the folder icons above for more case information.

## Case Information

- **Hand Down List**
  **(Orders, Opinions & Statements)**
- **Case Search**
- **Opinion Search**
- **Case Submission Schedules**

## Case Mail

- **Track Cases or Released Opinions**
  My Account | Case Tracking | Opinion
  Tracking | Register | Basics | FAQs

## Texas Appellate Courts

- The Supreme Court of Texas
- Court of Criminal Appeals
- Courts of Appeals [by District-City]
  1-Houston | 2-Fort Worth | 3-Austin
  4-San Antonio | 5-Dallas | 6-Texarkana
  7-Amarillo | 8-El Paso | 9-Beaumont
  10-Waco | 11-Eastland | 12-Tyler
  13-Corpus Christi | 14-Houston
- Appellate Statistics



Court of Criminal of Appeals  •  Supreme Court Building  •  P.O. Box 12308  •  Austin, TX 78711  •  (512) 463-1551  •
Email Court
Accessibility Policy | Privacy & Security Policy | Open Records Policy | State Web Site Link & Privacy Policy | Email TCO
Texas Online | TRAIL | Texas Homeland Security | Where the Money Goes | Legislative Appropriations Request [pdf/2.22
MB]

*Last Viewed by Court on Nov 12, 2009*